USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARANTIA, LLC,

                              Plaintiff,

           -against-

JOHN CHENCINER and KATHARINE ULLYATT,

                              Defendants.

26-CV-02061 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a breach-of-contract action.  Plaintiff is Garantia, LLC, and Defendants are two individuals named John Chenciner and Katharine Ullyatt. Plaintiff commenced this lawsuit in New York state court on February 12, 2026.  *See* Dkt. No. 1. ¶ 1.  Defendants removed from state court on March 12, 2026.  Dkt. No. 1.  Defendants alleged they are two natural persons domiciled in Florida and Plaintiff is a "New York limited liability company with its principal place of business in New York county, and upon information and belief, none of its members are citizens of Florda."  Dkt. No. 1 ¶ 2.  Defendants argued the Court had diversity jurisdiction over this case under 28 U.S.C. § 1332 because there was complete diversity among the parties and the amount in controversy exceeds $75,000.

Plaintiff Garantia, LLC filed a Rule 7.1 Corporate Disclosure Statement on April 7, 2026.  Dkt. No. 6.  It discloses that Garantia, LLC has one member named Peter Stern, who is a citizen of the State of Florida, where, for the last two years, Mr. Stern has resided, registered to vote, and filed taxes.  *Id.* at 2.

Section 1332 vests the federal courts with "diversity jurisdiction" where the amount in controversy exceeds $75,000 and there is complete diversity, meaning no plaintiff may be a citizen of the same state as any defendant.  28 U.S.C. § 1332.  Plaintiff is a limited liability

company or LLC.  An LLC takes the citizenship of each of its members.  *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Because Plaintiffs and Defendant are all citizens of Florida, Dkt. Nos. 1 & 6, complete diversity is lacking, and the Court lacks subject matter jurisdiction over this case.  Therefore, the Court must remand this lawsuit back to the state court.

Accordingly, it is hereby ORDERED that this action be REMANDED under 28 U.S.C. § 1447(c) to the State court in which it was first brought:  the Supreme Court of the State of New York, County of New York.  All pending motions are moot, and all conferences are canceled. The Clerk of Court is respectfully directed to transmit this Order and any other necessary papers to the state court consistent with 28 U.S.C. § 1447(c) and CLOSE this case.

Dated: April 9, 2026
     New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2